IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CR 53 MR WCM

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRAVIS JERELL JORDAN | ) | |
| _____ | ) | |

This matter is before the Court *sua sponte*.

On June 2, 2020, a one-count Bill of Indictment was filed alleging that Defendant, knowing that he had been previously convicted of at least one crime punishable for a term exceeding one year, possessed one or more firearms in violation of 18 U.S.C. § 922(g)(1). Doc. 1.

On September 28, 2020, Defendant filed a Motion to Suppress (Doc. 16), which has been referred to the undersigned for the entry of a memorandum and recommendation.

Filings associated with the Motion to Suppress indicate that the events in question occurred at a branch of HomeTrust Bank. HomeTrust Bank currently appears on the undersigned's conflict list.

Pursuant to 28 U.S.C. § 455(a), the recusal of a federal judge from any proceeding is required if the judge's "impartiality might reasonably be questioned." In addition, 28 U.S.C. § 455(b) requires recusal under specifically

described circumstances, including where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;" or has some other interest in the litigation, such as previously serving as a lawyer in the matter. Disqualification under section (a) may be waived, while disqualification under section (b) may not. See 28 U.S.C. § 455(e).

Here, HomeTrust Bank is not a party to the case nor an alleged victim of the offense with which Defendant is charged. The parties' filings indicate that Defendant was with an individual who was believed to be attempting to present a stolen check. Local law enforcement officers responded to a call from the bank and those actions, as they relate to Defendant, are the subject of the Motion to Suppress.

Under these circumstances, and bearing in mind that while "judges have a duty to recuse themselves when partiality exists, judges have an equal duty to not recuse themselves when there is no basis for recusal," Jordan v. U.S. Dep't of Justice, 315 F. Supp. 3d 584, 593 (D.D.C. 2018), it does not appear that recusal of the undersigned is required.

However, before the undersigned proceeds to consider Defendant's Motion to Suppress (Doc. 16) and issue a recommendation for the District

Court as to that Motion, the undersigned wishes to make the parties aware of this information and to provide them with an opportunity to raise any concerns they may have in that regard.

Accordingly, the parties are directed to confer and to file, on or before November 2, 2020, notice of their positions regarding this issue or to make any other submissions they deem appropriate.

Signed: October 22, 2020

W. Carleton Metcalf
United States Magistrate Judge